UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEVIE DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-622-ECM-CWB |
| ) | |
| DOTHAN COCA-COLA UNITED ) | |
| BOTTLING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Now pending before the court is a motion to dismiss (Doc. 19) filed by Neil Guess, Larry Collins, and Tonya McKenzie. The moving parties are individuals who were named as defendants to a claim asserted by Stevie Daniels under the Americans with Disabilities Act. (*See* Doc. 1). According to the moving parties, they are not proper defendants and are due to be dismissed. (*See* Doc. 19).

Daniels asserts that he was wrongfully terminated from his employment with Coca-Cola United Bottling Company due to a disability or perceived disability. (Doc. 1 at pp. 2-5). In addition to naming his former employer as a defendant, Daniels also has named individuals identified as a "Plant Manager" (Guess), a "Supervisor" (Collins), and an "Employee Relations Manager-Southern Pine Division" (McKenzie). (*Id*. at pp. 1-2). It thus appears that the individual defendants were all employed by Coca-Cola United Bottling Company during the time of the underlying events.[1]

---

[1] The narrative of facts set out in the Complaint alleges that Guess informed Daniels of the termination and that Collins was present for the discussion. (Doc. 1 at p. 5). No specific reference is made as to McKenzie. (*Id*.).

1

The Eleventh Circuit has held that "the [Americans with] Disabilities Act does not provide for individual liability, only for employer liability." *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("Because individual liability is precluded for violations of the ADA's employment discrimination provision, we conclude that the district court properly dismissed Albra's discrimination claim against the Abbotts."); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) ("We have held that individual employees are not subject to liability under … the ADA."); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) ("Here, the magistrate judge correctly found that Benjamin and Katherine Maner were not subject to suit because … the ADA require[s] that suits be brought only against employer-entities, not persons in their individual capacities.").  Because the remedy afforded under the Americans with Disabilities Act lies exclusively against employers, the Magistrate Judge hereby **RECOMMENDS** that the motion to dismiss (Doc. 19) filed by the individual defendants be granted.  *See Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 n.7 (11th Cir. 1996) (affirming dismissal of ADA claims against individual defendants because the plaintiff's "remedy for any discrimination she may have suffered on account of her alleged disability lies against her employer, not individual officers of her employer").

It is **ORDERED** that any objections to this Recommendation must be filed by **January 17, 2024**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with

instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

    **DONE** this the 3rd day of January 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**